IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EAGLE ROCK SANITATION, INC., an Idaho corporation, and TILLMAN HATHAWAY, an individual,<br><br>Plaintiffs,<br>v.<br><br>JEFFERSON COUNTY, a political subdivision of the State of Idaho,<br><br>Defendant.<br><br>JEFFERSON COUNTY, a political subdivision of the State of Idaho,<br><br>Counterclaimant,<br>v.<br><br>EAGLE ROCK SANITATION, INC., an Idaho corporation,<br><br>Counter-Defendant. | Case No. 4:12-cv-00100-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Leave to Amend Amended Complaint. (Dkt. 24.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively

1- MEMORANDUM DECISION AND ORDER

finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before the Court. *See* Dist. Idaho Loc. R. 7.1(d).

## BACKGROUND

On March 1, 2012, Plaintiff Eagle Rock Sanitation, Inc. filed a complaint against Defendant Jefferson County (the "County") alleging that the County violated the Equal Protection Clause of the United States Constitution. The complaint was amended on April 19, 2012, adding Plaintiff Tillman Hathaway. On May 16, 2012, Plaintiffs moved for default when the County failed to file an answer or otherwise appear after being served. The Deputy Clerk of Court entered default against the County on May 17, 2012.

On May 29, 2012, the County filed its Answer and a motion to set aside the clerk's default. On November 9, 2012, the Court set aside and vacated the clerk's default, but ordered the County to pay $1,000 in attorney's fees to Plaintiffs for Plaintiffs' counsel's preparation of the motion for entry of default and response to the motion to set aside the default.

Plaintiffs now move for leave to further amend their pleadings. Under the scheduling order, (Dkt. 18), the deadline for amending pleadings was January 14, 2013. On that date Plaintiffs filed a Motion for Leave to Amend Amended Complaint, (Dkt. 24), seeking to add a claim that the County violated the Equal

2- MEMORANDUM DECISION AND ORDER

Protection Clause contained in Article I, Section 2 of the Idaho State Constitution.

## ANALYSIS

The County opposes Plaintiffs' Motion for Leave to Amend, arguing primarily that the complaint has already been amended once and that Plaintiffs already should have pled their state equal protection claim.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, while the decision to grant leave to amend is within the Court's discretion, the Court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). This "policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* (internal quotation marks omitted).

To determine "whether justice requires granting leave to amend," courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*,

833 F.2d 183, 186 (9th Cir. 1987)).

Prejudice to the opposing party is the most important consideration. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (*citing Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330-31 (1971)). Here, the County concedes that the similarity between Plaintiffs' existing federal equal protection claim and their proposed state equal protection claim reduces the prospect of any prejudice because the analysis is similar for both claims. However, the County argues that, by seeking leave to amend, Plaintiffs are acting to cause undue delay, acting in bad faith, and have dilatory motives because they already should have pled the state equal protection claim. The County also argues that Plaintiffs have "per se" failed repeatedly to cure deficiencies through previous amendments because the complaint already has been amended once. Finally, relying on its motion for summary judgment, the County argues that the proposed amendment is futile.

Concerning the County's first argument, the County states that, because Plaintiffs already pled a federal equal protection claim, they "should have thought to include" the state equal protection claim in their initial complaint. (Dkt. 28 at 3.) Although it cites no case law for this proposition, the County argues that "the only explanation" for Plaintiffs' request for leave to amend is to "create additional pleadings and filings to drive up the cost of litigation." (Dkt. 28 at 3.) The liberal

4- MEMORANDUM DECISION AND ORDER

amendment policy, however, exists for situations like this one—it allows parties to present their best case, even if claims and defenses become apparent only after the pleadings have been filed. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957). The Court must make all inferences in the moving party's favor; thus, without more, the Court cannot conclude that Plaintiffs are acting to cause undue delay, are acting in bad faith, or have a dilatory motive.

Moving to its second argument, the County alleges that, because "this is not the first amendment to Plaintiffs' complaint, they have demonstrated a *per se* 'repeated failure to cure deficiencies.'" (Dkt. 28 at 3.) The County again cites no case law to support its theory. This motion represents the first time that Plaintiffs have requested leave to amend—while Plaintiffs did previously amend their complaint, they did so as a matter of course under Rule 15(a)(1)(B).

A repeated failure to cure a deficiency occurs when a party is given multiple opportunities to remedy an inadequate complaint. For example, in *Airborne Beeper & Video, Inc. v. AT&T Mobility, LLC*, the United States Court of Appeals for the Seventh Circuit found a repeated failure to cure a deficient complaint when counsel sought to amend after the district court had already provided three opportunities over four years to file a proper complaint. 499 F.3d 663 (7th Cir. 2007). In situations like that, the party is simply "alleging and re-alleging the same theories in an attempt to cure pre-existing deficiencies." *Eminence Capital, LLC v.*

5- MEMORANDUM DECISION AND ORDER

*Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003). When, however, an amendment includes an "additional theor[y] not previously alleged," the amendment does not represent a failure to cure a deficiency. *Id.* Here, the County does not argue that the complaint is actually deficient, just that Plaintiffs already should have alleged the state law claim. However, because Plaintiffs are simply including an additional theory that they had not alleged previously, the amendment does not represent a repeated failure to cure a deficiency.

Finally, although "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend," *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), the County makes no argument as to the futility of the proposed amendment, except to state that "[u]pon review of Defendant's motion for summary judgment (to be filed concurrently herewith) the Court will also understand the futility of this proposed amendment." (Dkt. 28 at 3.)

A summary judgment standard, however, is an inappropriate means of reviewing the alleged futility of the proposed amendment. A proposed amendment is futile if it fails to state a claim upon which relief can be granted. *Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009); *see also Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1115 (9th Cir. 2013) (noting that denying leave to amend on futility grounds is improper when the party seeking leave "may be able to amend its complaint to state a claim that will survive a

motion to dismiss"). Under the motion to dismiss standard, the amendment must contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sonoma County*, 708 F.3d at 1115 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A summary judgment standard, however, goes beyond plausibility to consider whether there are any genuine disputes of material fact and whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Because the County relies on its motion for summary judgment to argue that Plaintiffs' proposed amendment is futile, it fails to address the proper standard for futility.

Ultimately, the facts and circumstances of this case do not suggest that there is a permissible purpose sufficient for the Court to deny leave to amend. In keeping with Rule 15's liberal amendment policy, Plaintiffs' Motion will be granted.

The County asks that the Court award it attorney's fees. In support of this request, the County argues that the Court "recently granted $1,000 in fees to Plaintiff under similar circumstances (i.e. default proceedings) and that was a proceeding in which the County actually prevailed as the default was ultimately set aside." (Dkt 28 at 3-4.) This comparison is disingenuous. In the default proceedings, the Court awarded fees to Plaintiffs because of "Defendant's counsel's failure to comply with the well-known rule setting the deadline to file an

7-     MEMORANDUM DECISION AND ORDER

answer." (Dkt. 17 at 3.) Here, the circumstances are not similar—Plaintiffs' counsel has not failed to comply with any rule, nor has Plaintiffs' counsel missed a deadline. The Court will deny Defendant's request for attorney's fees.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

    1) Plaintiffs' Motion for Leave to Amend Amended Complaint (Dkt. 24) is **GRANTED**.

    2) Defendant's request for attorney's fees (Dkt. 28 at 3-4) is **DENIED**.

Dated: **May 14, 2013**

Honorable Candy W. Dale
United States Magistrate Judge